Dear Mr. Reed:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for research and reply.
You present the following question for our resolution:
 "May a local city councilman also hold full-time employment with the parish assessor's office?"
The Dual Officeholding and Dual Employment laws of this state, LSA-R.S. 42:61, et. seq., govern the legality of concurrent holding of certain positions. These prohibitions are specified in the language of LSA-R.S. 42:63(D), which provides, in pertinent part:
 "No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. . . ." (Emphasis added).
The tax assessor's office is a political subdivision, as defined in LSA-R.S. 42:63(9). The office of city councilman is a local elective office in the municipality, a separate political subdivision. There is a prohibition against holding local elective office and employment in the same political subdivision, but there is no prohibition against holding local elective office, such as city councilman, and holding employment in a separate political subdivision, such as the tax assessor's office.
However, there is a prohibition against holding local elective office and full-time appointive office in a political subdivision. We make this distinction because we have recently released Attorney General Opinion Numbers 92-304 and 93-34 which are pertinent to your inquiry. In those opinions, we concluded that a deputy tax assessor holds full-time appointive office, and as such, is prohibited from simultaneously holding local elective office. LSA-R.S. 42:63(D).
Reference should be made to the definitional sections of LSA-R.S. 42:62 to determine whether the position with the assessor's office is properly characterized as employment or appointive office. If it is an appointive office, a further inquiry should be made to determine whether the position is part-time or full-time. The law allows an individual to hold local elective office and employment in a separate political subdivision, but prohibits an individual from holding local elective office and employment in the same political subdivision. Further, the law allows an individual to hold local elective office and a part-time appointive office in a political subdivision, but prohibits an individual from holding local elective office and a full-time appointive office.
For your further review, we quote pertinent sections of LSA-R.S.42:62. "Employment" is defined as:
 ". . . any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof." LSA-R.S. 42:62(3).
"Appointive office" is defined as:
 ". . . any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof." LSA-R.S. 42:62(2).
"Full time" is defined as at least seven hours per day of work and at least thirty-five hours per week of work. LSA-R.S.42:62(4). "Part time" means less than the number of hours of work defined as full time. LSA-R.S. 42:62(5).
Based on the foregoing definitions, and in accordance with our previous opinions, we again conclude that a deputy tax assessor, serving in a full-time appointive office, would be prohibited from holding local elective office, such as city councilman. Please see copies of these opinions, attached.
However, if the individual in question is not a deputy tax assessor, and if he does not hold a full-time appointive office, there is nothing in the law that prohibits him from holding local elective office. Again, there is no prohibition preventing the concurrent holding of local elective office and employment in a separate political subdivision.
We hope this interpretation of the law will be helpful to you. Should you have further inquiries, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0190E